UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DASMESH ENTERPRISES, INC., a
Michigan Corporation d/b/a QUICK
WAY PARTY STORE,

       Plaintiff,

v.

UNITED STATES OF AMERICA and
THE UNITED STATES DEPARTMENT
OF AGRICULTURE,

       Defendants.
_____/

File No.  1:07-CV-28

HON. ROBERT HOLMES BELL

## **O P I N I O N**

Plaintiff Dasmesh Enterprises, Inc., d/b/a Quick Way Party Store, filed this action against the United States of America and the United States Department of Agriculture to challenge an administrative order suspending Plaintiff from the Food Stamp and WIC program for three years.  This matter is currently before the Court on the government Defendants' motion to dismiss Plaintiff's complaint.  For the reasons that follow Defendants' motion will be granted.

### I.

Plaintiff Dasmesh Enterprises, Inc., d/b/a Quick Way Party Store, is located in Benton Harbor, Michigan.  For a number of years Plaintiff has been an approved vendor for the United States Department of Agriculture ("USDA"), Food and Nutrition Service's ("FNS")

Food Stamp Program and the Women, Infants and Children ("WIC") Program. In October 2005 Plaintiff received notice from the Michigan Department of Community Health ("MDCH"), the state agency that administers the WIC Program, that it was disqualified for three years as a WIC Program vendor based upon a pattern of overcharges. (Compl. Ex. B). The reason given for Plaintiff's disqualification was that on three separate occasions between April and August 2005 Plaintiff charged the WIC Program more than the shelf price of the items purchased by an investigator. (Compl. Ex. B). The notice further advised that Plaintiff's disqualification from the WIC Program might result in its disqualification from participation in the Food Stamp Program and that such a disqualification might not be subject to administrative or judicial review. (Compl. Ex. B).[1]

An administrative hearing was held before the MDCH at Plaintiff's request. (Compl. Ex. C). At the hearing Plaintiff argued that there was no intent to overcharge the WIC Program, that there was really only one violation, and that it had taken corrective action. (Compl. Ex. F). On January 13, 2006, the MDCH administrative law judge affirmed the three year disqualification based upon a finding that Plaintiff had engaged in a pattern of

---

[1] The federal WIC regulations provide:

> Reciprocal Food Stamp Program disqualification for WIC Program disqualifications. Disqualification from the WIC Program may result in disqualification as a retailer in the Food Stamp Program. Such disqualification may not be subject to administrative or judicial review under the Food Stamp Program.

7 C.F.R. § 246.12(h)(3)(xxv).

2

overcharges. (Compl. Ex. D). Plaintiff did not seek judicial review of the adverse administrative decision in state court.

In March 2006 Plaintiff received notice from the USDA that as a result of its disqualification from the WIC Program, Plaintiff would also be disqualified from continuing to participate as a Food Stamp Program vendor. (Compl. Ex. E).[2] Plaintiff promptly responded to the notice, reiterating the arguments it raised before the MDCH. (Compl. Ex. F). On April 6, 2006, the USDA imposed a three year disqualification from the Food Stamp Program and denied a civil money penalty. (Compl. Ex. G). The notice stated:

> *The determination that your firm is subject to reciprocal administrative action on the basis of the disqualification from the WIC Program is final and is not subject to administrative review, in accordance with the Food Stamp Act of 1977, as amended, and § 278.6(e) of the FSP regulations.* However, appeal rights are available regarding the FNS determination made with regard to your firm's eligibility for a hardship civil money penalty.

(Comp. Ex. G) (emphasis in original).

On April 12, 2006, Plaintiff appealed the USDA's decision disqualifying Plaintiff from the Food Stamp Program for three years rather than imposing a civil money penalty. (Compl. Ex. H). On December 6, 2006, the USDA issued a final agency decision upholding

---

[2]The Food Stamp regulations provide:

FNS shall disqualify from the Food Stamp Program any firm which is disqualified from the WIC Program . . . (i) . . . for any of the following specific program violations: . . . (E) A pattern of charging WIC customers more for food than non-WIC customers or charging WIC customers more than the current shelf price.

7 C.F.R. § 278.6(e)(8)(i)(E).

3

the denial of Plaintiff's request for a civil money penalty in lieu of disqualification. (Compl. Ex. A).

Plaintiff filed this action seeking reversal of its disqualifications from the WIC and Food Stamp Programs based upon Plaintiff's contentions that the USDA acted contrary to law by 1) failing to give notice of the pricing error, 2) by treating a single pricing error as multiple violations, and 3) by failing to grant a monetary penalty in lieu of disqualification. In its amended complaint Plaintiff has added a count for mandamus, seeking an order directing the WIC Program to give the required notice. Plaintiff also filed a motion to stay the order of disqualification pending judicial review.

The government has moved to dismiss Plaintiff's complaint for lack of subject matter jurisdiction because the USDA's decision is not subject to judicial review.

**II.**

In Counts 1 and 2 Plaintiff seeks reversal of its disqualification from the Food Stamp and WIC programs based upon the USDA's (or its agent, the MDCH's) alleged violations of federal law by failing to give notice of the pricing error, and by treating a single pricing error as multiple violations. The government moves to dismiss Counts 1 and 2 on the basis that this Court does not have jurisdiction to consider these claims.

The United States, as sovereign, "is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Testan*, 424 U.S. 392, 399 (1976) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). "This principle extends to agencies of the United

4

States as well, which are immune absent a showing of a waiver of sovereign immunity." *Whittle v. United States*, 7 F.3d 1259, 1262 (6th Cir. 1993). A waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." *Testan*, 424 U.S. at 399 (quoting *United States v. King*, 395 U.S. 1, 4 (1969)).

Congress has conditionally waived its sovereign immunity and permitted retailers involved in the Food Stamp Program to obtain judicial review of disqualification decisions through 7 U.S.C. § 2023(a). *Shoulders v. U.S. Dep't of Agric.*, 878 F.2d 141, 143 (4th Cir. 1989) (holding that § 2023(a) is a conditional waiver of sovereign immunity). However, the Food Stamp Act contains an exception to § 2023. When a retailer is disqualified from the WIC Program, the Food Stamp Act provides for a mandatory reciprocal disqualification from the Food Stamp Program:

> (g) Disqualification of retailers who are disqualified under the WIC program
> (1) In general
> The Secretary shall issue regulations providing criteria for the disqualification under this chapter of an approved retail food store or a wholesale food concern that is disqualified from accepting benefits under the special supplemental nutrition program for women, infants, and children established under section 1786 of Title 42.

7 U.S.C. § 2021(g)(1). When a retailer is disqualified from the Food Stamp Program under this section, the statute provides that the disqualification is not subject to judicial review:

> **A disqualification under paragraph (1)**--
> (A) shall be for the same length of time as the disqualification from the program referred to in paragraph (1);
> (B) may begin at a later date than the disqualification from the program referred to in paragraph (1); and
> (C) **notwithstanding section 2023** of this title, **shall not be subject to judicial or administrative review.**

5

7 U.S.C. § 2021(g)(2) (emphasis added).

The implementing regulations are consistent with the statute. The regulations provide that "FNS **shall disqualify** from the Food Stamp Program any firm which is disqualified from the WIC Program." 7 C.F.R. § 278.6(e)(8) (emphasis added). With respect to judicial review the regulations provide that "**Except** for firms disqualified from the program in accordance with § 278.6(e)(8)," (i.e., in accordance with a WIC disqualification), the firm may obtain judicial review of the determination. 7 C.F.R. § 279.7 (emphasis added). The Food Stamp Act and its implementing regulations expressly and unambiguously preclude judicial review of a store's mandatory reciprocal disqualification from the Food Stamp Program triggered by the store's disqualification from the WIC Program.

The parties have identified only one court that has considered § 2021(g). In *Salmo v. United States Dep't of Agric.*, 226 F. Supp. 2d 1234 (S.D. Cal. 2002), the court stated that in § 2021(g)(2)(C) "Congress has unambiguously stated that decisions by the FNS disqualifying a store from participating in the FSP as a result of a prior WIC disqualification are not subject to administrative or judicial review." *Id.* a 1237. "The explicit statement in § 2021(g)(2)(C), narrowing the scope of judicial review available under § 2023, thus serves to narrow the scope of the government's waiver of sovereign immunity and this Court's exercise of subject matter jurisdiction." *Id.* at 1237.

Plaintiff acknowledges that its 2005 disqualification from the WIC Program was the sole basis for its subsequent disqualification from the Food Stamp Program. (Compl. ¶ 22). Notwithstanding the clear language of the statute and regulations barring judicial review in

6

just such circumstances, Plaintiff contends that the prohibition against judicial review does not apply in this case because Plaintiff's disqualification from the WIC Program was not "in accordance with § 278.6(e)(8)." Specifically, Plaintiff contends that its disqualification was not based upon a proper application of applicable USDA regulations because the MDCH erroneously determined that Plaintiff had engaged in a "pattern" of charging WIC more than the shelf price and failed to give Plaintiff proper notice of its pricing error.

Plaintiff cites *Goldstein v. United States*, 9 F.3d 521 (6th Cir. 1993), and *Anton v. United States*, 225 F. Supp. 2d 770 (E.D. Mich. 2002), in support of its contention that this court has jurisdiction to inquire "whether the agency properly applied the regulations, i.e., whether the sanction is 'unwarranted in law' or 'without justification in fact.'" *Goldstein*, 9 F.3d at 523. *See also Anton*, 225 F. Supp. 2d at 773-74 (following *Goldstein*). Plaintiff contends that the MDCH's repeated failure to follow the government's own regulations in dealing with Plaintiff was the "but for" reason why Plaintiff was sanctioned, and that under *Goldstein* and *Anton* the Court has jurisdiction to determine the validity of the underlying WIC disqualification.

Neither *Goldstein* nor *Anton* authorizes the court to review the administrative liability decision. Neither of these cases involved a mandatory reciprocal disqualification from the Food Stamp Program based a disqualification from the WIC Program. Accordingly, unlike this case, the administrative liability findings in *Goldstein* and *Anton* were subject to judicial review under § 2023. Furthermore, the language from *Goldstein* on which Plaintiff relies comes from a discussion concerning the scope of the court's review of the sanction imposed.

7

The quoted language does not suggest that the Court may review the basis for the underlying disqualification decision in the course of reviewing the propriety of the decision not to impose a civil monetary sanction.[3]  Neither *Goldstein* nor *Anton* suggests that this Court has jurisdiction to review the underlying WIC disqualification.

Furthermore, Plaintiff's argument that it should be able to circumvent § 2021(g)(2)'s prohibition of judicial review simply because it disagrees with the basis for its disqualification from the WIC Program would render § 2021(g)(2) meaningless.  An entity disqualified from the WIC Program could always argue that its disqualification from the WIC program was not proper or was not "in accordance with" the law in order to avoid the jurisdictional bar.  This is not what Congress intended.

Plaintiff was disqualified from the Food Stamp Program based upon its disqualification from the WIC Program.  Plaintiff had an opportunity to challenge its disqualification from the WIC Program at a state administrative hearing.  Plaintiff also could have, but did not, appeal the adverse administrative determination to the state court.  Congress has clearly stated that it will not permit a duplicate review of the WIC disqualification determination in federal court.  7 U.S.C. § 2021(g)(2).  This is exactly the

---

[3]The full sentence from *Goldstein* reads as follows:

> Once the trial court has confirmed that the store has violated the statutes and regulations, the court's only task is to examine the sanction imposed in light of the administrative record in order to judge whether the agency properly applied the regulations, i.e., whether the sanction is "unwarranted in law" or "without justification in fact."

*Goldstein*, 9 F.3d at 523.

8

type of administrative decision that Plaintiff challenges in Counts 1 and 2 of its complaint. Plaintiff's disqualification from the Food Stamp Program is not subject to judicial review. Defendant's motion to dismiss Counts 1 and 2 must accordingly be granted, and Counts 1 and 2 of Plaintiff's complaint must be dismissed for lack of jurisdiction.

### III.

In Count 3 of its complaint Plaintiff challenges the USDA's denial of a civil money penalty in lieu of disqualification.

The USDA's letter of April 6, 2006, advised that although the determination that Plaintiff was subject to reciprocal administrative action on the basis of its disqualification from the WIC Program was final and was not subject to administrative review, "appeal rights are available regarding the FNS determination made with regard to your firm's eligibility for a hardship civil money penalty." (Compl. Ex. G).

Plaintiff challenges the USDA's failure to impose a money penalty because of the USDA's legal errors described in Counts 1 and 2. (Compl. ¶ 24). Plaintiff contends that because the disqualification was based upon a single inadvertent error and because the MDCH failed to notify Plaintiff before finding three violations, Plaintiff should only have been given a token penalty in lieu of disqualification. (Compl. ¶¶ 24-26).

Even though the Court has jurisdiction to review the agency's decision not to impose a money penalty in lieu of disqualification, the "[d]etermination of a sanction to be applied by an administrative agency, if within bounds of its lawful authority, is subject to very limited judicial review." *Woodard v. United States*, 725 F.2d 1072, 1077 (6th Cir. 1984).

9

"The reviewing court's function is only to 'determine the validity of the questioned administrative action,' not to review the sanctions." *Id.* (quoting *Martin v. United States*, 459 F.2d 300, 302 (6th Cir. 1972)). The scope of the court's review is limited to determining "whether the agency properly applied the regulations." *Goldstein*, 9 F.3d at 523. "If the agency properly applied the regulations, then the court's job is done and the sanction must be enforced. The trial *de novo* is limited to determining the validity of the administrative action; the severity of the sanction is not open to review." *Id.*

The applicable regulations provide that the FNS may impose a civil money penalty as a sanction in lieu of disqualification when the following criteria are met:

> when the firm subject to a disqualification is selling a substantial variety of staple food items, and the firm's disqualification would cause hardship to food stamp households because there is no other authorized retail food store in the area selling as large a variety of staple food items at comparable prices.

7 C.F.R. § 278.6 (f)(1).

The December 6, 2006, Final Agency Decision indicates that the USDA did consider whether disqualification of Plaintiff would cause hardship to food stamp households. (Compl. Ex. A). The USDA concluded that disqualification of Plaintiff would not cause hardship to food stamp households because there were other comparable stores within one mile. *Id.*

Plaintiff has not alleged that the government failed to follow the regulations that govern the imposition of a civil money penalty as a sanction in lieu of disqualification. Instead, Plaintiff contests its liability for any sanction whatsoever, or the severity of the

sanction imposed. Neither argument is within the narrow scope of review accorded to the USDA's decision not to impose a money penalty in lieu of disqualification. The Court's jurisdiction to review sanctions does not subject the underlying liability for sanctions or the severity of the sanctions imposed to judicial review. Accordingly, the Court does not have jurisdiction over Count 3 of Plaintiff's complaint which challenges the sanction imposed.

**IV.**

In Count IV of its First Amended Verified Complaint Plaintiff requests an order pursuant to the Mandamus and Venue Act, 28 U.S.C. § 1361, setting aside the USDA's December 6, 2006, final agency decision and the MDCH's October 6, 2005, notice of termination and disqualification and directing the USDA to provide the notice required by the WIC Program regulations, 7 C.F.R. § 246.12(h)(3)(ix).

"The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kelly v. Great Seneca Fin. Corp.*, 447 F.3d 944, 951 (6th Cir. 2006) (quoting *Kerr v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 426 U.S. 394, 402 (1976)). "In order for the court to accept mandamus jurisdiction, [the plaintiff] must show that (1) he has exhausted all available administrative remedies and (2) the Commissioner violated a 'clear, nondiscretionary duty' owed to [the plaintiff]." *Buchanan v. Apfel*, 249 F.3d 485, 491 (6th Cir. 2001). "While a district court may issue an order in the nature of mandamus under § 1361 only when the duty owed the plaintiff is clear, the district court may take jurisdiction to determine if a clear duty is owed to the plaintiff." *Coal Operators and Assoc., Inc. v. Babbitt*, 291 F.3d 912, 915 (6th Cir. 2002).

This case does not present the kind of extraordinary circumstances that would merit a mandamus remedy. Congress has made it clear that when a vendor is disqualified from the Food Stamp Program based upon its disqualification from the WIC Program, the vendor will not be able to seek judicial review. 7 U.S.C. § 2021(g)(2). Plaintiff was on notice that its disqualification from the WIC Program could result in its disqualification from the Food Stamp Program and that the Food Stamp disqualification may not be subject to administrative or judicial review. (Compl. Ex. B).

Plaintiff's inability to challenge the basis for the WIC disqualification at this time and in this forum is not unreasonable. Plaintiff had an opportunity (which it took) to challenge its disqualification from the WIC Program at an administrative tribunal before the MDCH. Plaintiff then had the opportunity to appeal the adverse ruling from the MDCH to the state circuit court. Plaintiff did not take that opportunity notwithstanding its knowledge that the adverse ruling could affect its participation in the Food Stamp Program, and notwithstanding its knowledge that a disqualification from the Food Stamp Program would not be subject to judicial review.

In addition to the fact that Plaintiff has been afforded sufficient procedural protections, Plaintiff has also failed to identify the breach of any clear legal duty. Plaintiff claims that it was entitled to notification of its overcharge and an "opportunity to justify or

correct" the overcharge pursuant to 7 C.F.R. § 246.12(h)(3)(ix).[4]  This provision applies when there is a dispute as to the amount of a vendor's claim for reimbursement. This provision does not apply to investigations into whether a store is in compliance with program regulations. The federal WIC regulations provide for a mandatory three year disqualification for a pattern of overcharges. 7 C.F.R. § 246.12(l)(1)(iii). In connection with the mandatory sanctions identified in § 246.12(l)(1) the regulations provide:

> The State agency **does not have to provide the vendor with prior warning** that violations were occurring before imposing any of the sanctions in paragraph (1) of this section.

7 C.F.R. § 246.12(l)(3) (emphasis added). Moreover, the WIC Vendor Sanction Policy, which is referenced in Plaintiff's contract with the MDCH states in capital letters:

> THE DEPARTMENT WILL NOT PROVIDE VENDORS WITH PRIOR WARNING (NO WARNING LETTERS) THAT VIOLATIONS WERE OCCURRING BEFORE IMPOSING THE MANDATORY SANCTIONS REQUIRED BY USDA FEDERAL REGULATIONS SET FORTH IN SECTION C OF THIS SANCTION POLICY.

(Compl. Ex. J, at 6).

---

[4]The vendor claim provision Plaintiff relies on states as follows:

> (ix) Vendor claims. When the State agency determines the vendor has committed a vendor violation that affects the payment to the vendor, the State agency will delay payment or establish a claim. . . . The State agency will provide the vendor with an opportunity to justify or correct a vendor overcharge or other error. . . .

7 C.F.R. § 246.12(h)(3)(ix).

13

There is no dispute that the overcharges in this case were discovered during a covert compliance investigation. Notice under such circumstances would defeat the purpose of the investigation. Because notice was not required under the circumstances of this case, Plaintiff has failed to show that Defendants violated any clear, nondiscretionary duty. Accordingly, the Court lacks jurisdiction over Plaintiff's request for mandamus relief in Count 4.

## V.

For all the reasons stated herein the Court lacks subject matter jurisdiction over Plaintiff's complaint. Defendants' motion to dismiss for lack of jurisdiction will accordingly be granted. Because this action is being dismissed, there is no need for the Court to address Plaintiff's motion for a stay of the order of disqualification pending a review of the administrative decision on the merits.

An order of dismissal consistent with this opinion will be entered.


Date:     May 30, 2007                    /s/ Robert Holmes Bell
                                          ROBERT HOLMES BELL
                                          CHIEF UNITED STATES DISTRICT JUDGE